[No. B156466. Second Dist., Div. Six. Sept. 25, 2002.]

NICOLE LAND, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CAL POLY
FOUNDATION et al., Respondents.

**COUNSEL**

William A. Herreras for Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Manning & Marder, Kass, Ellrod & Ramirez, John D. Young and Scott Wm. Davenport for Respondents Cal Poly Foundation and Cunningham Lindsey Claims Management.

OPINION

**GILBERT, P. J.**—A university student is injured during the field portion of a class in animal husbandry. Is she entitled to workers' compensation benefits? The Workers' Compensation Appeals Board ruled that the student was not an "employee" at the time of her injury and not entitled to benefits. We agree and deny the petition for review.

FACTS

Nicole Land was a full-time student at California Polytechnic State University, San Luis Obispo (Cal Poly). She enrolled in an elective course in animal husbandry. The class provided practical, hands-on experience in commercial cattle breeding. The course was administered by Cal Poly Foundation, a nonprofit corporation (Foundation). The animals, tools and equipment for the class were provided by the Foundation. Land paid tuition to attend the year-long class and earned two credits per quarter. Three teachers from Cal Poly's animal science department supervised the students.

Each of the 19 students in the class signed a "student agricultural enterprise agreement" as a condition of being accepted into the class. The agreement required the students to keep a log of time spent doing course work. A student logging at least 70 hours during the year would be eligible to receive a portion of any net profits from the sale of the cattle at the end of the year. The agreement provided that the Foundation would retain 60 percent of the net profits and the students would share the remainder. Each student could receive a maximum of $1,000. A student's share of any net profits would be determined by dividing the number of hours worked by the student by the total number of hours worked by all students in the class. The agreement also contained an insurance coverage provision for a maximum of $15,000 in medical and dental bills as a result of an accident occurring during the class.

Each student set his or her own hours. Land spent an average of six to 12 hours a week doing course work, which included checking cattle and moving them from one pasture to another, checking and mending fences, repairing and cleaning feed troughs, feeding and watering the livestock, giving vaccinations, branding the cattle, helping with calving and separating cattle for sale.

Land was driving an all-terrain vehicle owned by the Foundation while checking cattle, when she lost control, slid into a ditch, and injured her knees. After the accident, Land could not fully participate in the class. At the

end of the course, after the cattle were sold, she received $780 as her share of the net profits.

Land filed a workers' compensation claim. The Foundation denied the claim on the basis that she was not an "employee" under the Workers' Compensation Act (Act). At the hearing before the workers' compensation judge (WCJ), Land argued she fell within the definition of "employee" of the Foundation because (1) she was paid; (2) she was supervised by Cal Poly teachers; (3) all the equipment for the course was provided by the Foundation; (4) she could be terminated for misconduct; and (5) she believed she was an employee. One of the three teachers supervising the class testified. He stated that students were not dismissed for failure to follow a teacher's advice. Although students were encouraged to follow established protocols, they were also encouraged to make decisions independent of a teacher's or supervisor's advice.

The WCJ concluded Land was not entitled to workers' compensation benefits primarily because she was not paid wages and the purpose of the class was to provide students with hands-on experience, not monetary gain.

A majority of the Workers' Compensation Appeals Board (WCAB) denied Land's petition for reconsideration. She filed a petition for writ of review with this court. We denied the petition. Land petitioned the California Supreme Court for review. The Supreme Court granted the petition and transferred the case to this court. Upon transfer, we issued the writ. After consideration of its merits, we deny the petition.

### DISCUSSION

■ Whether Land was an employee at the time of her injury is a question of law where the facts, as here, are undisputed. (*S. G. Borello & Sons, Inc. v. Department of Industrial Relations* (1989) 48 Cal.3d 341, 349 [256 Cal.Rptr. 543, 769 P.2d 399].) Our review is de novo, but we give deference to the agency's view. (*Ibid.*)

Labor Code section 3351[1] defines a covered employee as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed . . . ." Section 3357 augments this definition, stating: "Any person rendering service for another, other than as an independent contractor, or unless expressly excluded herein, is presumed to be an employee." "The definitional reach of these covered employment relationships

---

[1]All statutory references are to the Labor Code.

is very broad." (*In-Home Supportive Services v. Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 720, 728 [199 Cal.Rptr. 697].)

 In finding that Land was not an employee for purposes of the Act, the WCJ and WCAB majority relied on a case denied review by this court, *Coburn v. Workers' Comp. Appeals Bd.* (1989) 54 Cal.Comp.Cases 129.[2] In *Coburn*, a student at Cal Poly was injured while in a class raising bees for honey production. Like Land, Coburn signed an "enterprise contract" providing that Cal Poly would advance expenses and any profit would be split among the students after Cal Poly had been reimbursed. The WCAB ruled that Coburn was not an employee under the Act because Coburn's activities as an apiary inspector were conducted for educational purposes only and that Cal Poly received no tangible benefit or consideration flowing from Coburn's activities. Moreover, since the enterprise contract was entered into strictly for the sharing of profits, Coburn could not be considered to be working for another.

█ Land argues *Coburn* is not persuasive because it does not contain "factual details" and involves the denial of a writ petition. She asserts that *Barragan v. Workers' Comp. Appeals Bd.* (1987) 195 Cal.App.3d 637 [240 Cal.Rptr. 811] and *Anaheim General Hospital v. Workmen's Comp. App. Bd.* (1970) 3 Cal.App.3d 468 [83 Cal.Rptr. 495] compel the conclusion that she was an employee of the Foundation while enrolled in the course. *Barragan* and *Anaheim* each involved nursing school students who were injured while interning at local hospitals. At the time of their injuries, the nursing students were doing work normally done by paid workers as members of the workforce covered by the Act. (See *Hoppmann v. Workers' Comp. Appeals Bd.* (1991) 226 Cal.App.3d 1119, 1126 [277 Cal.Rptr. 116].) The WCAB majority distinguished the cases as follows: "[W]e note that both of these cases involve on-the-job training with direct services to an institution, where the learning by the student/employee was only a part of the relationship. In both [cases], the training was a requirement for each student to receive their final certification in their chosen field. In the instant case, however, applicant was involved in one of any number of classes available to complete her chosen field of education." We agree with this analysis.

---

[2]Decisions of the WCAB reported in California Compensation Cases are citable as authority but are not binding on this court. (*Wings West Airlines v. Workers' Comp. Appeals Bd.* (1986) 187 Cal.App.3d 1047, 1053, fn. 4 [232 Cal.Rptr. 343].) These cases are useful because they provide a contemporaneous administrative construction of a statute by the agency charged with its enforcement and interpretation. These administrative interpretations, while not necessarily controlling, are of great weight; and we will not depart from them unless the interpretations are clearly erroneous or unauthorized. (*State Compensation Ins. Fund v. Workers' Comp. Appeals Bd.* (1995) 37 Cal.App.4th 675, 683 [43 Cal.Rptr.2d 660].)

The differences between *Barragan* and *Anaheim* and this case overshadow their similarities. Land was not working shoulder to shoulder with paid workers; the participants in the project were all students in the same position as Land. Land was not working in an established business or institution; the project was created exclusively for an educational purpose. Although Land received a portion of the profits from the project, she did not receive wages and would have received nothing if the project had not made money. As noted by the WCAB in *Coburn v. Workers' Comp. Appeals Bd., supra*, 54 Cal.Comp.Cases 129, profit sharing is usually inconsistent with an employer-employee relationship. This distinction is made in the Act itself. (§ 3351, subd. (f).) Since the Act's adoption, courts have construed the Act to exclude persons engaged in a joint enterprise who do not receive wages but only share in the profits of the enterprise. (E.g., *Assurance Corp. v. Industrial Acc. Com.* (1921) 187 Cal. 615 [203 P. 95].) The WCAB has consistently interpreted the statute to exclude persons in a partnership arrangement. (See, e.g., *McMillan v. Workers' Comp. Appeals Bd.* (2001) 66 Cal.Comp.Cases 1563 (writ den.); *Hernandez v. Workers' Comp. Appeals Bd.* (1999) 64 Cal.Comp.Cases 259 (writ den.); *Price v. Workers' Comp. Appeals Bd.* (1996) 61 Cal.Comp.Cases 1317 (writ den.); *Sarkissian-Argin v. Workers' Comp. Appeals Bd.* (1990) 55 Cal.Comp.Cases 100 (writ den.).)

We recognize that a student may at times be an employee of a school; for instance, when a student works in the school's cafeteria or library for wages in addition to attending classes. Or, as in *Barragan* and *Anaheim*, a student may be an employee of a third party engaged by the school to provide the student with practical training in addition to the academic instruction offered by the school where the student renders services that are of economic benefit to the third party. The students of a school, however, are not employees, but consumers of its product, education. In our view, the crucial question is whether it may reasonably be said that a student is "rendering service" for his or her university in participating in its educational programs. (See § 3357.) We conclude that, in fact, the university is "rendering service" to the student by providing its full panoply of educational resources for the student's use.

■ Our Supreme Court has stated the purposes of the Act to be (1) to ensure that the cost of industrial injuries will be part of the cost of goods rather than a burden on society; (2) to guarantee prompt, limited compensation for an employee's work injuries, regardless of fault, as an inevitable cost of production; (3) to spur increased industrial safety; and (4) in return, to insulate the employer from tort liability for his employee's injuries. (*S.G. Borello & Sons, Inc. v. Department of Industrial Relations, supra*, 48 Cal.3d at p. 354.) Extending coverage to Land would promote none of these goals.

We conclude that the WCAB properly denied Land's petition for reconsideration. The writ petition is denied. The parties are to bear their own costs.

Yegan, J., and Perren, J., concurred.

Petitioner's petition for review by the Supreme Court was denied December 11, 2002. Chin, J., and Moreno, J., were of the opinion that the petition should be granted.