[No. E033208. Fourth Dist., Div. Two. Oct. 30, 2003.]

WAL-MART STORES, INC., et al, Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and VELTA ELAINE
GARCIA, Respondents.

## COUNSEL

Bradford & Barthel and Chris P. Stettler for Petitioner Wal-Mart Stores, Inc.

Finnegan, Marks, Hampton & Theofel and Ellen Sims Langille for California Workers' Compensation Institute as Amicus Curiae on behalf of the Petitioner.

Law Office of Marsha Ciniello and Marsha Ciniello, for Respondent, Velta Elaine Garcia.

No appearance for Respondent Workers' Compensation Appeals Board.

David Bryan Leonard for California Society of Industrial Medicine & Surgery, Inc., and California Psychiatric Association, Inc., as Amici Curiae on behalf of the Respondents.

## OPINION

**RICHLI, Acting P. J.**—In this matter we hold that an employee who files a

workers' compensation claim seeking benefits for an injury to the psyche that derives from the effects of an admitted routine physical injury, cannot recover unless the employee has worked for the employer for at least six months. As the Board ruled otherwise, we annul the order under review.

## STATEMENT OF FACTS

The petition involves an issue of law, and the factual details may therefore be omitted.[1] Velta Elaine Garcia (Applicant) suffered an admitted orthopedic injury to her back while employed by Wal-Mart (Employer) in February of 1995. At the time, she had worked for Employer for less than six months. Applicant had back surgery and has not returned to work.

Some four years after the incident, Applicant amended her workers' compensation claim to assert that she had suffered damage to her psyche resulting from the disability caused by the orthopedic injury. The workers' compensation judge ruled that she was not entitled to compensation benefits with respect to the claimed psychiatric injury because it was barred by the "six-month" rule of Labor Code section 3208.3, subdivision (d).[2] (See *infra*.) The Workers' Compensation Appeals Board (Board), however, reversed this decision, finding that the statute did not apply to Applicant's claim, and the Board remanded the case to the referee for further proceedings. Employer petitioned for a writ of review, which we granted.[3]

## DISCUSSION

■ Although factual determinations of the Board are entitled to substantial deference (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.*

---

[1] At oral argument, both sides urged that the facts of Applicant's injury (of which they had sharply differing views, however) supported a result in their favor. However, these arguments are not relevant. The question before us is not whether Applicant's psyche injury is genuine, but whether she qualifies as a potential recipient of benefits at all.

[2] All subsequent statutory references are to the Labor Code.

[3] Section 5950 provides for judicial review of an "order" of the Board, but because the Board's own authority to reconsider rulings is limited to *final* orders by section 5900, it has been held that the same limitation applies to judicial review. (*Safeway Stores, Inc. v. Workers' Comp. Appeals Bd.* (1980) 104 Cal.App.3d 528, 533–535 [163 Cal.Rptr. 750].) However, a "final order," for the purpose of determining the propriety of judicial review, "includes any order which settles, for purposes of the compensation proceeding, an issue critical to the claim for benefits, whether or not it resolves all the issues in the proceeding or represents a decision on the right to benefits." (*Maranian v. Workers' Comp. Appeals Bd.* (2000) 81 Cal.App.4th 1068, 1075 [97 Cal.Rptr.2d 418].) Furthermore, once the Board determines to exercise its jurisdiction over a petition for reconsideration, this establishes that the order was "final." (See *Kosowski v. Workers' Comp. Appeals Bd.* (1985) 170 Cal.App.3d 632, 636, fn. 2 [216 Cal.Rptr. 280].) Certainly it does no violence to the sense of "final" here, where the Board's determination of the applicability of section 3208.3 is crucial to whether or not Applicant can recover benefits for her psychiatric injury at all.

(1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26]), the issue before us is one of law, which we review de novo. (*Land v. Workers' Comp. Appeals Bd.* (2002) 102 Cal.App.4th 491, 494 [125 Cal.Rptr.2d 432].)

Subdivision (d) of section 3208.3 provides that "[n]otwithstanding any other provision of this division, no compensation shall be paid pursuant to this division for a psychiatric injury related to a claim against an employer unless the employee has been employed by that employer for at least six months. . . . This subdivision shall not apply if the psychiatric injury is caused by a sudden and extraordinary employment condition." The statute, which contains other provisions governing and to some extent limiting benefits for psychiatric claims,[4] was enacted in 1989. It was designed to address public and legislative concerns about, inter alia, "the proliferation of workers' compensation cases with claims for psychiatric injuries." (*Hansen v. Workers' Compensation Appeals Bd.* (1993) 18 Cal.App.4th 1179, 1183–1184 [23 Cal.Rptr.2d 30].) Subdivision (d) of section 3208.3 was enacted two years later, with the apparent purpose of "limit[ing] questionable claims for psychiatric injuries resulting from routine stress during the first six months of employment." (*Hansen,* at p. 1184.) As enacted, the subdivision also included the language, "Nothing in this section shall be construed to mean that there shall not be compensability for any psychiatric injury which is related to any physical injury in the workplace." This language, however, was *deleted* in 1993.[5]

Given the overall intent of section 3208.3, there has been some debate over its effective scope—that is, whether it really applied to *all* claims for psychiatric injuries, including those which were related to undisputed physical injury.[6] Some of these questions were answered in *Lockheed Martin, supra,* 96 Cal.App.4th 1237, which involved the provisions of subdivision (b)(1) requiring the employee claiming injury to the psyche to establish that the "actual events of employment were *predominant* as to all causes combined of the psychiatric

---

[4] For example, the statute also imposes restrictions on claims for injury to the psyche that are filed after the employee is fired or laid off (§ 3208.3, subd. (e)) and prohibits compensation for injury caused by a "lawful, nondiscriminatory, good faith personnel action" (*Id.,* subd. (h)).

[5] Despite this deletion, it remains undisputed, as a general principle, that psychological injuries that are triggered by compensable physical injuries are also compensable (see generally 1 Hanna, Cal. Law of Employee Injuries and Workers' Compensation (rev. 2d ed. 2002) Psychoneurotic and Emotional Injuries, § 4.69[1], pp. 4-92, 4-93) although they are often subject to particular scrutiny. (See, e.g., *National Convenience Stores v. Workers' Comp. Appeals Bd.* (1981) 121 Cal.App.3d 420 [175 Cal.Rptr. 378].)

[6] When physical injury results in psychiatric disability, the claim is sometimes referred to as "physical-mental." If a psychic injury causes the psychic disability, the claim is "mental-mental." See *Lockheed Martin Corp. v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 1237, 1247 fn. 6 [117 Cal.Rptr.2d 865] (*Lockheed Martin*).)

injury." (Italics added.)[7] The claimant in that case had suffered an admitted physical injury, and also claimed that the injury had led to compensable psychiatric consequences (i.e., a "physical-mental" claim). The workers' compensation judge ruled that she had failed to meet the "predominant" standard of subdivision (b)(1), but the Board reversed his order, finding that this standard did not apply to claims for psychiatric injury which had their genesis in physical injury.[8]

The Board's view, as explained by the court, had been that applying the limiting and restrictive provisions of section 3208.3 to claims for physical-mental injuries was not necessary to serve the purposes of the statute. This, because such claims—unlike the mental-mental claims of "stress-mill millionaires" (see *Sakotas v. Workers' Comp. Appeals Bd.* (2000) 80 Cal.App.4th 262, 273 [95 Cal.Rptr.2d 153] (*Sakotas*))—have an objectively verifiable component and are therefore arguably less likely to be fraudulent.

The *Lockheed Martin* court disagreed with this construction, primarily based on its application of the standard rules of interpretation. (See *infra* with respect to the court's view on the reasonableness of the failure to distinguish between types of psychological injury claims.) Although it acknowledged that "[t]he Board's administrative construction of statutes that it is charged to enforce and interpret is entitled to great weight unless it is clearly erroneous" (*Ralphs Grocery Co. v. Workers' Comp. Appeals Bd.* (1995) 38 Cal.App.4th 820, 828 [45 Cal.Rptr.2d 197]), it relied in the end on the even more authoritative proposition that courts have " 'no power to rewrite [a] statute so as to make it conform to a presumed intention which is not expressed.' " (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) It then noted that section 3208.3, subdivision (b)(1) "clearly and unambiguously" referred to the compensability of *any* psychiatric injury, without qualification, and stressed that the Legislature had not only *created* a qualification respecting physically-generated psychiatric injuries in subdivision (d), but had then *deleted it*. (*Lockheed Martin, supra,* 96 Cal.App.4th at pp. 1245–1249.) Accordingly, it ruled that *all* claims for injury to the psyche which did not fall under the *specific* exception of subdivision (b)(2) of section 3208.3 (see *Lockheed Martin*, at p. 1246, fn. 5) had to meet the "predominant cause" standard.

■ *Lockheed Martin* clearly points to the conclusion that the six-month requirement of subdivision (d) of section 3208.3 should also be construed to

---

[7] Section 3208.3, subdivision (b)(2) creates a slightly more employee-favorable rule for claims arising out of violent occurrences. This was not relevant in *Lockheed Martin*.

[8] The Board had made similar recent rulings in several other cases, although it had also *applied* the statute in earlier cases. None of these matters resulted in published appellate opinions.

apply to *all* claims for injury to the psyche, including those that are claimed to arise from physical injuries. There is simply no basis on which an alternative construction may rest. The subdivision *does* contain an exception for psychic injuries resulting from a "sudden and extraordinary employment condition," but *no* other claims for such injury are excluded.[9] Furthermore, to the extent that the former language concerning derivative injuries to the psyche might have suggested that such claims *were* excluded from the requirement, we, like the *Lockheed Martin* court, must, and do, assume that its *deletion* was intended to change the law in that respect. (See *Lockheed Martin, supra,* 96 Cal.App.4th at pp. 1246, 1247.) Given the present form of section 3208.3, subdivision (d), to decline to apply the limitation to Applicant would be to rewrite the statute, which, as noted above, we cannot do.[10]

■ We therefore follow the approach and analysis of the court in *Lockheed Martin* and we hold that the six-month limitation expressed in subdivision (d) of section 3208.3 applies to *all* claims for psychiatric injury. Nor is this an irrational construction. Although it is true that a claim for psychiatric injury which rests on an objective physical injury may be somewhat less likely to be fraudulent than one based on "stress," there remains a substantial potential for the fraudulent inflation of a claim by adding alleged psychic injuries; thus, including such claims to meet the six-month standard is by no means unreasonable. (See *Lockheed Martin, supra,* 96 Cal.App.4th at p. 1249.)

■ While we recognize that, as Applicant argues, there are factual differences between that case and this one, we do not find them dispositive or

---

[9] If the argument were made that an accidental injury constitutes a "sudden and extraordinary employment condition," we would reject it. For one thing, such an interpretation would mean that psychological injuries resulting from accidents would not be subject to the six-month rule, but such injuries arising from cumulative physical injury *would* be governed by that limitation; this distinction would make no sense, and we are reluctant to attribute irrational intentions to the Legislature. (See *Gregory v. State Bd. of Control* (1999) 73 Cal.App.4th 584, 595 [86 Cal.Rptr.2d 575].) Furthermore, if the Legislature intended to except psychic claims derived from physical injuries from the operation of the statute, presumably it would have done so in a much less ambiguous manner. In our view, the "sudden and extraordinary" language is limited to occurrences such as gas main explosions or workplace violence—the type of events that would naturally be expected to cause psychic disturbances even in a diligent and honest employee.

[10] Amicus curiae for Applicant suggests that the phrase "psychiatric injury," as used in section 3208.3, is a term of art—presumably, that it means only "mental-mental" injuries. Our examination of the statutes indicates that this position is not tenable. If by "psychiatric injury" the Legislature meant only "mental-mental" claims, then subdivision (a)—which establishes the compensability of "psychiatric injury" claims—would exclude "physical-mental" claims entirely. For the argument to assist Applicant, "psychiatric injury" would have to mean both "mental-mental" *and* "physical-mental" in the general compensability provisions of subdivision (a), *but only "mental-mental" in the exclusion of subdivision (d)*. We decline to apply such a variable definition.

significant. And as we have also noted above, although the Board's interpretation of a Labor Code statute is entitled to respect, if it is wrong, it is wrong, and we are not bound by it. (See also *Rex Club v. Workers' Comp. Appeals Bd.* (1997) 53 Cal.App.4th 1465, 1470–1471 [62 Cal.Rptr.2d 393].)

■ Finally, we consider and reject three arguments raised by Applicant. First, she contends that it is improper, or unfair, to apply the *Lockheed Martin* decision to an injury that predated it. On the contrary; it is well established that judicial decisions are generally to be applied retroactively. (*Gentis v. Safeguard Business Systems, Inc.* (1998) 60 Cal.App.4th 1294, 1305–1306 [71 Cal.Rptr.2d 122].) Although there may be exceptions based on public policy or fairness, none is appropriate here, especially as Applicant cannot claim to have "relied" on any contrary rule; she was injured on a specific date and was unable thereafter to return to work, and so could not have accumulated the necessary time of employment.

Second, Applicant argues that she was "employed" for more than six months because she was not actually terminated after her injury. She asserts that "employed" is not the same as "actually worked for" and that even if the six-month rule applies, it does not require that she have actually performed work for this period; at a minimum, she argues that she remained "employed," although off work, until she was provided with a workers' compensation claim form. We disagree. Such a construction would lead to absurd and unfair results, because an employer's ability to terminate an employee who claims to have suffered an industrial injury is sharply limited. (See generally § 132a.) Obviously it would defeat the legislative purpose if an employee, injured after working for a week, could remain on disability leave for five and three-fourths months and then file a new claim for injury to the psyche. ■ Although section 3208.3, subdivision (d) does provide that the six months of "employment" need not be continuous, we interpret the word to mean the performance of actual service for the employer.[11]

■ Finally, at oral argument Applicant suggested that section 3208.3 was unconstitutional insofar as it purports to abridge a worker's right to benefits. But the California Constitution does not make such a right absolute. Article 14, section 4 gives the Legislature "plenary power" to establish a system of workers' compensation for "any or all" workers; in enacting the statute, the Legislature has merely elected to exercise its power to exclude certain workers. (See also, e.g., section 3352, subd. (h).) In other respects the

---

[11] This appears to be the Board's view as well. (See *Curtis v. Workers' Comp. Appeals Bd.* (1994) 59 Cal.Comp.Cas 927 [writ denied].)

constitutionality of the statute has been repeatedly upheld. (E.g. *Sakotas, supra,* 80 Cal.App.4th at pp. 270–274, rejecting equal protection and due process arguments.)[12]

The Board's opinion and order after reconsideration filed on January 9, 2003, is annulled. The matter is remanded to the Board with directions to issue a new and different order in the case consistent with this opinion. Petitioners shall recover their costs.

Hollenhorst, J., and Ward, J., concurred.

---

[12] Amicus curiae for Applicant also argued that the Legislature could not have intended to deny benefits to large classes of workers who could not meet the six-month standard, such as seasonals, students, and those in the entertainment industry. However, that is the clear effect of section 3208.3, subdivision (d). There is no exception for "employees who would work more than six months if they didn't have to go back to school, or if the job lasted that long." Again, we stress that whether the statute could reasonably, or even wisely, be amended is not before us.