[No. B235258. Second Dist., Div. Six. Mar. 28, 2012.]

STATE COMPENSATION INSURANCE FUND, Petitioner, v. WORKERS' COMPENSATION APPEALS BOARD and RIGOBERTO GARCIA, Respondents.

768

COUNSEL

Charles S. Bentley, Patricia A. Brown and Alan R. Canfield for Petitioner.

Finestone, Schumaker and David G. Schumaker for Respondent Rigoberto Garcia.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

GILBERT, P. J.—Rigoberto Garcia worked at Cole Ranch for approximately two months. While picking avocados from a high tree, he fell from a 24-foot ladder and suffered traumatic head injury. He filed a workers' compensation claim for psychiatric injury.

■ Labor Code section 3208.3, subdivision (d) generally bars claims of psychiatric injury if the applicant was employed less than six months.[1] This bar does not apply if the psychiatric injury is caused by a "sudden and extraordinary employment condition." (*Ibid.*)

■ Garcia's fall was sudden, but it was not extraordinary within the meaning of section 3208.3, subdivision (d). It was an occupational hazard of picking avocados while standing on a ladder, and thus was not uncommon, unusual or unexpected. We therefore annul the decision of the Workers' Compensation Appeals Board (WCAB) and remand with instructions to deny Garcia's claim for psychiatric injury.

## FACTUAL AND PROCEDURAL BACKGROUND

The facts are not disputed. In May 2010, Cole Ranch employed Garcia as an avocado picker/high tree worker. Approximately two months later, Garcia fell from the top of a 24-foot ladder while picking avocados from a high tree. He suffered a serious and obvious head injury and sought workers' compensation benefits for industrial injury to his teeth, psyche, neck and back. Cole Ranch's insurer, State Compensation Insurance Fund (SCIF), admitted liability for the industrial physical injury, but denied the psychiatric injury because Garcia had not worked for Cole Ranch for at least six months, as required by section 3208.3, subdivision (d).

The sole question submitted for trial was whether Garcia's psychiatric injury qualified as a "sudden and extraordinary employment condition" under

---

[1] All statutory references are to the Labor Code.

section 3208.3, subdivision (d) for purposes of avoiding the six-month employment requirement. All other issues were deferred. SCIF did not dispute the fall was sudden. The issue was whether it was extraordinary. Garcia was the only witness at trial.

Born in 1975, Garcia began picking fruit at age 17. He picked both avocados and lemons "[i]n the past," but had worked in construction for about 10 years before joining Cole Ranch. Garcia testified that between 1992 and the date of his injury, he had never fallen off a ladder. He stated he and the other Cole Ranch pickers used ladders daily. At the time of his fall, Garcia was standing on top of a 24-foot ladder picking avocados from a 35-foot tree in an avocado grove. He testified that no one at Cole Ranch ever advised him of the risk of falling from a ladder and that "as far as he knew," no other Cole Ranch picker had fallen from a ladder. Upon questioning by the workers' compensation judge (WCJ), Garcia stated Cole Ranch did not hold any safety meetings or provide him with a safety harness. SCIF presented no evidence.

The WCJ ruled that Garcia's testimony established his injury was the result of a sudden and extraordinary employment condition. The WCJ observed the injury was significant and that safety regulations were not followed. SCIF petitioned the WCAB for reconsideration, contending that Garcia's injury was not the result of an extraordinary employment condition, but rather an ordinary occupational hazard of picking fruit while standing on a ladder. Garcia did not answer the petition. The WCJ recommended denial.

In a split decision, the WCAB denied reconsideration. The majority emphasized SCIF's failure to introduce any evidence that Garcia's injury was not extraordinary. The majority commented, "While not particularly strong evidence on extraordinariness, [Garcia's] testimony was the only evidence. It was uncontradicted and unimpeached. [Citations.] If [SCIF] had presented any documentary evidence or testimony as to the frequency of falls from ladders for avocado pickers or how the rates for insuring them reflect[] the 'common' risk of falls from ladders, then the decision on this issue might have been different."

The dissenting member of the WCAB reached the opposite conclusion, observing that "[t]he hazards of picking avocados while standing on a ladder are not mysterious or unknown, and this accident cannot reasonably be viewed, therefore, as unusual or totally unexpected." In the absence of persuasive evidence that such falls are rare, the dissent determined Garcia's psychiatric injury claim is barred under section 3208.3, subdivision (d). We granted SCIF's petition for writ of review.

## DISCUSSION

Interpretation of governing statutes or application of law to undisputed facts is a question of law that we decide de novo. (*California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2008) 163 Cal.App.4th 853, 861 [77 Cal.Rptr.3d 868].) Although we give great weight to the WCAB's interpretation of a statute, the WCAB's erroneous interpretation or application of law is a basis for annulment of its decision. (*Matea v. Workers' Comp. Appeals Bd.* (2006) 144 Cal.App.4th 1435, 1444 [51 Cal.Rptr.3d 314] (*Matea*).)

■ In interpreting a statute, we must first "ascertain the intent of the Legislature so as to effectuate the purpose of the law." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386 [241 Cal.Rptr. 67, 743 P.2d 1323].) Legislative intent generally is gleaned "from the plain or ordinary meaning of the statutory language, unless the language or intent is uncertain." (*Rea v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 625, 641 [25 Cal.Rptr.3d 828].) The language "must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible. [Citations.] Where uncertainty exists consideration should be given to the consequences that will flow from a particular interpretation. [Citation.] Both the legislative history of the statute and the wider historical circumstances of its enactment may be considered in ascertaining the legislative intent." (*Dyna-Med, Inc. v. Fair Employment & Housing Com., supra*, 43 Cal.3d at p. 1387.) ■ All workers' compensation statutes must be construed liberally in favor of the applicant. (§ 3202; *Claxton v. Waters* (2004) 34 Cal.4th 367, 373 [18 Cal.Rptr.3d 246, 96 P.3d 496].)

■ Section 3208.3 outlines the specific statutory conditions that must be met before an applicant may recover for a psychiatric injury. This section "was . . . passed in 'response to increased public concern about the high cost of workers' compensation coverage, limited benefits for injured workers, suspected fraud and widespread abuses in the system, and particularly the proliferation of workers' compensation cases with claims of psychiatric injuries.' [Citation.] As a result, '[t]he Legislature's expressed intent in enacting Labor Code section 3208.3 was to establish a new and higher threshold of compensability for psychiatric injury.' [Citations.]" (*City of Oakland v. Workers' Comp. Appeals Bd.* (2002) 99 Cal.App.4th 261, 265 [120 Cal.Rptr.2d 873].)

Section 3208.3, subdivision (d) provides that "no compensation shall be paid . . . for a psychiatric injury related to a claim against an employer unless the employee has been employed by that employer for at least six

months. . . . This subdivision shall not apply if the psychiatric injury is caused by a sudden and extraordinary employment condition."

■ This six-month limitation pertains to all claims for psychiatric injury, not only stress claims. (*Wal-Mart Stores, Inc. v. Workers' Comp. Appeals Bd.* (2003) 112 Cal.App.4th 1435, 1441 [5 Cal.Rptr.3d 822] (*Wal-Mart*); *Lockheed Martin Corp. v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th 1237, 1246–1247 [117 Cal.Rptr.2d 865].) "Although it is true that a claim for psychiatric injury which rests on an objective physical injury may be somewhat less likely to be fraudulent than one based on 'stress,' there remains a substantial potential for the fraudulent inflation of a claim by adding alleged psychic injuries; thus, including such claims to meet the six-month standard is by no means unreasonable." (*Wal-Mart*, at p. 1441.)

■ Consequently, when an alleged psychiatric injury occurs within the first six months of employment, as it did here, the applicant must demonstrate by a preponderance of the evidence that a sudden and extraordinary employment condition caused the injury. (*Matea, supra*, 144 Cal.App.4th at p. 1449.) SCIF contends that Garcia failed to meet this burden. We agree.

■ The sudden and extraordinary employment condition exception in section 3208.3, subdivision (d) encompasses "the type of events that would naturally be expected to cause psychic disturbances even in a diligent and honest employee." (*Wal-Mart, supra*, 112 Cal.App.4th at p. 1441, fn. 9; see *Matea, supra*, 144 Cal.App.4th at p. 1448.) *Wal-Mart* suggested, in dicta, that this definition excludes accidental injuries and applies only to extremely unusual events, such as gas main explosions or workplace violence. (*Wal-Mart*, at p. 1441, fn. 9.) The court remarked: "If the argument were made that an accidental injury constitutes a 'sudden and extraordinary employment condition,' we would reject it. ■ For one thing, such an interpretation would mean that psychological injuries resulting from accidents would not be subject to the six-month rule, but such injuries arising from cumulative physical injury would be governed by that limitation; this distinction would make no sense, and we are reluctant to attribute irrational intentions to the Legislature." (*Ibid.*, italics omitted.)

■ *Matea* agreed with *Wal-Mart*'s view that gas main explosions or workplace violence may constitute sudden and extraordinary conditions under section 3208.3, subdivision (d), but rejected the notion that the statutory exception excludes *all* accidental injury. (*Matea, supra*, 144 Cal.App.4th at pp. 1448–1449.) The *Matea* court reviewed the statutory language and legislative history, and concluded that an employment event is sudden and extraordinary if it is "something other than a regular and routine employment event or condition, that is, that the event was uncommon, unusual, and

occurred unexpectedly . . . ." (*Id.* at p. 1449.) We agree with this more expansive interpretation. Depending upon the circumstances, an accidental injury may be uncommon, unusual and totally unexpected.

In *Matea*, a rack of lumber suddenly fell on a manager-trainee's left leg while he was in a store aisle at The Home Depot. (*Matea, supra*, 144 Cal.App.4th at pp. 1449–1450.) He claimed psychiatric injury even though he had been employed less than six months. (*Ibid.*) Because the record contained no evidence that such occurrences of falling lumber were regular or routine, the court "assumed . . . that they are uncommon, unusual and totally unexpected events." (*Id.* at p. 1450.) In the absence of any contrary evidence, the court held that Matea had satisfied his burden of proving that his injury was the result of a sudden and extraordinary employment condition. (*Ibid.*)

Garcia contends the same analysis applies here, but we see two critical distinctions. First, Matea's accident occurred in a store aisle, where " 'one assumes that such occurrences [of falling lumber] are quite rare, given that those aisles are open to the public.' " (*Matea, supra*, 144 Cal.App.4th at p. 1441.) Shoppers typically are not on the lookout for falling merchandise as they walk down store aisles. Second, the WCJ determined that Matea's injury occurred when the wall shelf holding up the rack of lumber gave way without warning, dumping lumber into the aisle. Presumably, the lumber would have struck anyone who happened to be in the aisle at the time. (*Ibid.*)

Garcia's injury was far different. It did not occur in a public area or in an area shielded from the typical hazards of his occupation. To the contrary, the injury occurred in the avocado grove where Garcia and his coworkers were picking fruit from high trees while standing on tall ladders. A fall under these circumstances cannot be described as an uncommon, unusual and totally unexpected occurrence.

In *Bayanjargal v. Workers' Comp. Appeals Bd.* (2006) 71 Cal.Comp.Cases 1829, 1830–1831 (writ denied), the WCAB reversed the WCJ's finding that a roofer's fall from a roof was a sudden and extraordinary event. The WCAB stated: " 'While we agree that the applicant's injury caused by his unfortunate slip and fall from the roof was a *sudden* event, it cannot be characterized as an *extraordinary* event. Clearly, it is the very risk of such falls that makes the type of employment in which applicant was engaged a very expensive occupation to insure in workers' compensation. It is not objectively reasonable to conclude that the risk of such injury was outside the ordinary risks and hazards of his occupation as a roofer. Neither do we find it extraordinary that applicant would sustain some form of psychiatric injury as a consequence of such a serious orthopedic injury.' " (*Id.* at p. 1830.)

*Bayanjargal* cited with approval two cases in which the applicant's injury resulted from the type of accident one would expect in the applicant's occupation. (*Bayanjargal v. Workers' Comp. Appeals Bd., supra*, 71 Cal.Comp.Cases at p. 1831.) In *Romero v. California Ins. Guarantee Assn.* (Jan. 10, 2005, No. MON 0246096) 33 Cal. Workers' Comp. Rptr. 75 [2005 Cal. Wrk. Comp. P.D. Lexis 7], the electrician employee fell from a 12-foot ladder while installing a cable. The WCAB determined the event was not an extraordinary employment condition because "falling from a ladder is not highly unusual, or outside of the ordinary." (*Romero*, at p. 78 [2005 Cal. Wrk. Comp. P.D. Lexis 7 at p. *10].) In *Diaz v. Workers' Comp. Appeals Bd.* (2004) 69 Cal.Comp.Cases 618 (writ denied), the WCAB similarly held that a limousine driver's automobile accident was not a sudden and extraordinary event. (*Diaz*, at p. 620.)

Garcia's fall is indistinguishable from the roofer's fall in *Bayanjargal* and the electrician's fall in *Romero*. They are terrible accidents, but they are hazards of performing work above ground level. In some instances, of course, an ordinary occupational event may become extraordinary. In *California Ins. Guarantee Assn. v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 482, 484 (writ denied), the WCJ acknowledged that while automobile accidents generally are not extraordinary events for a truckdriver, they may become so because of extremely unusual circumstances. In that case, the WCJ decided it was not " 'frequent, regular or routine for a driver to fly or fall out of the passenger side of a vehicle after losing control of same while it is moving or stopped with a jackknifing trailer in pursuit as the driver tries to roll out of the way.' " (*Ibid.*)

Such extremely unusual circumstances are not present here. Garcia injured his head when he fell from a 24-foot ladder while picking avocados from a 35-foot tree. No evidence exists that something particularly unusual happened to cause the fall or that he suffered an injury one would not expect from a fall from that height. To support the claim that his fall was extraordinary, Garcia's only testimony was that prior to the accident he had not fallen off a ladder or heard of anyone else falling off a ladder at Cole Ranch. Even the WCAB majority acknowledged that this is "not particularly strong evidence on extraordinariness."

 SCIF did not introduce evidence that such falls are an industry hazard or that insurance costs reflect that risk, but that was not its burden. Garcia had the burden to prove that his psychiatric injury was caused by a sudden and extraordinary employment event. (*Matea, supra*, 144 Cal.App.4th at p. 1449.) He did not meet that burden. Garcia's observations during his brief employment at Cole Ranch and his prior unspecified fruit-picking experiences do not establish his injury was caused by an event that was

uncommon, unusual and totally unexpected. There was no evidence the employer violated any safety regulations. An event does not become presumptively extraordinary because the employer offers no evidence it is regular or routine. As noted in the WCAB's dissent, "[S]uch a broad interpretation could place a greater risk of liability on those employers whose safety measures are better and more effective, i.e., those who manage to prevent accidents on the job from becoming routine or commonplace." In the absence of more persuasive evidence that Garcia's fall was extraordinary, his claim for psychiatric injury is barred under section 3208.3, subdivision (d).

## DISPOSITION

The order denying reconsideration is annulled, and the matter is remanded to the WCAB with instructions to deny Garcia's claim for psychiatric injury.

Yegan, J., and Perren, J., concurred.