Filed 4/22/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| TRAVELERS CASUALTY & SURETY COMPANY et al.,<br><br>  Petitioners,<br><br>v.<br><br>WORKERS' COMPENSATION APPEALS BOARD and MARK DREHER,<br><br>  Respondents. | A146538<br><br>(WCAB No. ADJ7050835) |

Petitioner Travelers Casualty & Surety Company (Travelers) seeks to set aside the decision of the Workers' Compensation Appeals Board (WCAB) finding that Mark Dreher sustained a psychiatric injury resulting from a sudden and extraordinary employment condition within the meaning of Labor Code[1] section 3208.3, subdivision (d). We conclude that Dreher's accident was not extraordinary within the meaning of section 3208.3 and therefore annul the decision of the WCAB and remand with instructions to deny Dreher's claim for psychiatric injury.

## I.  FACTUAL BACKGROUND

The relevant facts are not in dispute. On October 19, 2009, Dreher was working as a live-in maintenance supervisor for an apartment complex owned by Alliance Residential, LLC (Alliance). As he was walking in the rain to another building in the complex, Dreher slipped and fell on a slippery concrete walkway. He had worked for Alliance for 74 days prior to the accident. Dreher sustained numerous injuries, including

---

[1] All further statutory references are to the Labor Code.

1

a fractured pelvis and injuries to his neck, right shoulder, right leg, and knee. He also suffered gait derangement, a sleep disorder, and headaches. Dreher required surgery to repair pelvic fractures, but continued to have problems with his right knee after he was discharged from the hospital. He subsequently underwent surgery to repair a torn meniscus. The surgery did not alleviate his pain and limitations. Dreher had an additional surgery to address issues with his right foot and ankle, including hammertoe and claw toes formation, in October 2011.

Dreher sought compensation for a psychiatric injury arising from the accident and was evaluated in June 2011. The evaluation concluded that Dreher suffered a psychiatric disability as a result of the accident, including depression, difficulty sleeping, and panic attacks.

The workers' compensation administrative law judge (WCJ) found that Dreher sustained an injury arising out of and in the course of his employment but denied his claim for a psychiatric injury, finding that it was barred by section 3208.3, subdivision (d) because Dreher was employed by Alliance for less than six months and his psychiatric injury did not result from a sudden and extraordinary employment condition.

Dreher petitioned the WCAB for reconsideration. The WCAB granted the petition, finding that the injury was caused by an extraordinary employment condition and thus was not barred by section 3208.3, subdivision (d).[2] Travelers filed a petition for writ of review.

## II. DISCUSSION

Preliminarily, we address Dreher's argument that the petition is legally defective because Travelers failed to include the summary of Dreher's testimony, his doctors' conclusions, and the WCJ's minutes of hearing and summary of evidence as required by California Rules of Court, rule 8.495. Rule 8.495 requires that a petition to review a WCAB decision include the decision to be reviewed, the WCJ's minutes of hearing and

---

[2] Chairwoman Ronnie G. Caplane dissented, concluding that the injury was sustained in a routine and regular employment event.

2

summary of evidence, and, if the petition challenges the substantiality of the evidence to support the WCAB's ruling, copies of all relevant material evidence. Travelers acknowledges that it did not include the minutes, but argues that any defect was cured inasmuch as Dreher included the minutes in his answer.[3]

We excuse Travelers' failure to include the minutes as required by rule 8.495. "There is a strong public policy in favor of hearing cases on their merits and against depriving a party of his right of appeal because of technical noncompliance in matters of form." (*Litzmann v. Workmen's Comp. Appeals Bd.* (1968) 266 Cal.App.2d 203, 205.) Moreover, here, as Travelers argues, the error has been cured by Dreher's filing of the minutes with his answer. As the record is adequate for our review, we proceed to the substantive issues raised in the petition.

Our review of the WCAB's decision is limited. While we defer to the WCAB's findings of fact if they are supported by substantial evidence and accord " ' "significant respect" ' " to the WCAB's interpretation of statutes in the workers' compensation area, we subject the WCAB's conclusions of law to de novo review. (*Matea v. Workers' Comp. Appeals Bd.* (2006) 144 Cal.App.4th 1435, 1443–1444 (*Matea*).) "Although we give great weight to the WCAB's interpretation of a statute, the WCAB's erroneous interpretation or application of law is a basis for annulment of its decision." (*State Comp. Ins. Fund v. Workers' Comp. Appeals Bd. (Garcia)* (2012) 204 Cal.App.4th 766, 771 (*Garcia*).)

The question presented here is whether Dreher's injury was a "sudden and extraordinary employment condition" within the meaning of section 3208.3, subdivision (d). Section 3208.3 sets forth the conditions that must be met before an applicant may recover for a psychiatric injury. It provides that no compensation will be paid " 'for a psychiatric injury related to a claim against an employer unless the employee has been employed by that employer for at least six months . . . .' " (*Garcia, supra,* 204 Cal.App.4th at pp. 771–772.) This subdivision, however, does not apply " 'if the

_____

[3] Travelers notes that the minutes were never served on its counsel and did not exist in its records.

psychiatric injury is caused by a sudden and extraordinary employment condition.' " (*Id.* at p. 772.)[4]

" 'Subdivision (d) of section 3208.3 was enacted . . . with the apparent purpose of "limit[ing] questionable claims for psychiatric injuries resulting from routine stress during the first six months of employment." [Citation.]' " (*Matea, supra,* 144 Cal.App.4th at p. 1445, quoting *Wal-Mart Stores, Inc. v. Workers' Comp. Appeals Bd.* (2003) 112 Cal.App.4th 1435, 1439 (*Wal-Mart*).) The Legislature sought to " 'establish a new and higher threshold of compensability for psychiatric injury.' " (*Ibid.*, quoting *City of Oakland v. Workers' Comp. Appeals Bd.* (2002) 99 Cal.App.4th 261, 265.) The sudden and extraordinary employment condition exception thus encompasses " 'the type of events that would naturally be expected to cause psychic disturbances even in a diligent or honest employee.' [Citation.]" (*Garcia, supra*, 204 Cal.App.4th at p. 772.)

In *Wal-Mart, supra*, 112 Cal.App.4th at p. 1441, fn. 9, the court, in dicta, suggested that the extraordinary employment condition excludes accidental injuries and applies only to extremely unusual events such as gas main explosions or workplace violence that would likely be expected to cause psychic disturbances. "If the argument were made that an accidental injury constitutes a 'sudden and extraordinary employment condition,' we would reject it. For one thing, such an interpretation would mean that psychological injuries resulting from accidents would not be subject to the six-month rule, but such injuries arising from cumulative physical injury *would* be governed by that limitation; this distinction would make no sense, and we are reluctant to attribute irrational intentions to the Legislature." (*Ibid.*)

The *Matea* court agreed with the *Wal-Mart* court's reading of the "sudden and extraordinary" language as including only occurrences such as gas main explosions or

---

[4] Prior to a 1993 amendment, the subdivision provided that the six month limitation did not apply if the psychiatric injury was caused "by a sudden and extraordinary employment condition as distinguished from a regular and routine event." (Stats. 1991, ch. 115, § 4, p. 684.)

4

workplace violence, and it interpreted the language to except psychiatric injuries resulting from routine physical injuries or routine personnel decisions during the first six months of employment. (*Matea, supra,* 144 Cal.App.4th at p. 1448.) It therefore concluded that the "extraordinary employment condition" exception is "something other than a regular and routine employment event or condition, that is, that the event was uncommon, unusual, and occurred unexpectedly . . . ." (*Id.* at p. 1449.) In *Matea*, a wall shelf holding a large amount of lumber gave way without warning, resulting in a stack of lumber falling on the employee's leg. (*Ibid.*) The court concluded that the accident was a totally unexpected occurrence and was not a routine physical injury or a routine type of stress or employment event. (*Id.* at p. 1450.)

Conversely, in *Garcia, supra,* 204 Cal.App.4th at p. 769, the court concluded that an incident, in which a worker fell from the top of a 24-foot ladder while picking avocados from a 36-foot tree, was not an uncommon or unexpected occurrence. Rather, the court determined, it was an occupational hazard of picking avocados while standing on a ladder. (*Ibid.*) The court distinguished *Matea*, noting that the accident there occurred in a store aisle where falling lumber is rare since the aisles are open to the public. (*Id.* at p. 773.) The tree picking accident, in contrast, did not occur in a public area, and was a typical hazard of the worker's occupation. "[T]he injury occurred in the avocado grove where Garcia and his coworkers were picking fruit from high trees while standing on tall ladders. A fall under these circumstances cannot be described as an uncommon, unusual and totally unexpected occurrence." (*Ibid.*) The *Garcia* court concluded that the worker's fall was not extraordinary and barred his claim for psychiatric injury under section 3208.3, subdivision (d). (*Id.* at p. 775; see *Alves v. Workers' Comp. Appeals Bd.* (2014) 79 Cal.Comp.Cases 430 (*Alves*)[5] [accident in which construction worker caught his tool belt on a truss, causing it to fall on him did not suffer

---

[5] California Compensation Cases are "properly citable authority, but only to the extent that they point out the contemporaneous interpretation and application of the workers' compensation laws by the Board." (*Smith v. Workers' Comp. Appeals Bd.* (2000) 79 Cal.App.4th 530, 537, fn. 2.) The cases are however, of "limited precedential value and unquestionably have no stare decisis effect in an appellate court." (*Ibid.*)

extraordinary event as it was common for tool belts to get caught on protuberances, causing items to fall].)

A subsequent WCAB panel decision criticized the *Garcia* case as making an unwarranted distinction between workers in hazardous occupations and those that are not, reasoning that whether an employment event is extraordinary does not depend on whether the event is a known risk in the industry. (*Aguirre v. Ekim Painting North, Inc. et al.* (Cal. W.C.A.B., Aug. 25, 2014, No. ADJ6724252) [2014 WL 4686662].) There, the Board concluded that a painter who fell from a second story roof suffered an extraordinary employment condition. (*Id.* at p. 5.) "While the evidence indicates that it was routine for applicant to work at the height of a second story roof, the act of applicant falling was not common or expected." (*Id.* at p. 6; see *Redwood Empire Sawmill v. Workers' Comp. Appeals Bd.* (2013) 78 Cal.Comp.Cases 498 [accident where worker severed several fingers when his hand was caught by the teeth of a moving chain saw after he fell forward on a conveyor belt was extraordinary where evidence showed that having hands pulled into moving chains was not ordinary and was "freaky"].)

Dreher suggests that the unexpectedly catastrophic nature of the injury can support a finding of an extraordinary employment condition. We disagree.

In interpreting section 3208.3, we are guided by well established rules of statutory construction. (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386.) We must look first to the plain words of the statute to determine legislative intent. (*Id.* at pp. 1386–1387.) " 'If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1245.) Here, the statute provides that the six-month limitation does not apply if the psychiatric condition is caused by a "sudden and extraordinary employment condition." (§ 3208.3, subd. (d).) The statute does not include the nature of the injuries resulting from an incident as a basis for the exception. Had the Legislature intended to include the nature of the injury as a factor in the definition of a sudden and extraordinary employment condition, it knew how to do so. (See *Lockheed Martin Corp. v. Workers' Comp. Appeals Bd.* (2002) 96 Cal.App.4th

6

1237, 1245–1246 [legislature undoubtedly knows how to enact an exception]; § 4660.1, subd. (c)((2)(B) [setting forth exception for catastrophic injury].)

Accordingly, although Dreher's injury was more serious than might be expected, it did not constitute, nor was it caused by, a sudden and extraordinary employment event within the meaning of section 3208.3, subdivision (d). The evidence showed that Dreher routinely walked between buildings on concrete walkways at the work site and that he slipped and fell while walking on rain-slicked pavement. Like the accidents in *Garcia*, *supra*, 204 Cal.App.4th 766 and *Alves*, *supra*, 79 Cal.Comp.Cases 430, Dreher's slip and fall was the kind of incident that could reasonably be expected to occur.

Where, as here, an employee alleges a psychiatric injury during the first six months of employment, he or she has the burden of proving, by a preponderance of the evidence, that a sudden and extraordinary condition caused the injury. (*Matea, supra,* 144 Cal.App.4th at p. 1449; *Garcia, supra,* 204 Cal.App.4th at p. 772.) Dreher did not meet that burden.[6] His testimony that he was surprised by the slick surface of the walkway because the other walkways had a rough surface, and his further testimony that the walkway was later resurfaced, did not demonstrate that his injury was caused by an uncommon, unusual, or totally unexpected event. Because the injury here was not the result of a "sudden and extraordinary event[,]" Dreher's claim for psychiatric injury is barred under section 3208.3, subdivision (d). (*Matea*, at p. 1450.)

### III. DISPOSITION

The order granting reconsideration on Dreher's claim of psychiatric injury is annulled and the matter is remanded to the WCAB with instructions to deny the claim for psychiatric injury.

---

[6] To the extent the WCAB's decision can be read to place the burden of proof on the employer to demonstrate that the accident was the result of "a routine or ordinary employment condition," it was incorrect.

7

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Streeter, J.

Travelers Casualty & Surety Company et al. v. Workers' Compensation Appeals Board and Mark Dreher (A146538)

| | |
|---|---|
| Trial Court: | No County Applies |
| Trial Judge: | None |
| | |
| Counsel for Petitioners: | Hayes Scott Bonino Ellingson & McLay and Mark G. Bonino |
| Counsel for Petitioner Travelers Casualty & Surety Company: | Susan T. Marks & Associates and Patricia A. Strickland |
| Counsel for Amicus Curiae California Workers' Compensation Institute on behalf of Petitioners: | Law Offices of Allweiss & McMurtry and Michael A. Marks |
| Counsel for Amicus Curiae California Chamber of Commerce on behalf of Petitioners: | Finnegan, Marks, Theofel & Desmond and Ellen Sims Langille |
| Counsel for Respondent Mark Dreher: | Law Office of John A. Bloom and John A. Bloom |
| Counsel for Respondent Workers' Compensation Appeals Board: | Anne Schmitz & James T. Losee |